■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT ANCRUM, Appellant. [722 NYS2d 152] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J., at hearing; Denis Boyle, J., at jury trial and sentence), rendered October 9, 1997, convicting defendant of manslaughter in the first degree, and sentencing him, as a persistent felony offender, to a term of 20 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress identification evidence. The record supports the court's findings that none of the identification procedures was suggestive, and that, in any event, these were confirmatory identifications by witnesses who were familiar with defendant. There is no evidence that the police structured either the photographic array or the lineup so as to influence the witnesses to select defendant.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification.

The challenged portions of the prosecutor's summation drew reasonable inferences from the evidence and were appropriate responses to the defense summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

The court properly granted the People's application for a protective order allowing the People to withhold the identity of two prosecution witnesses until completion of voir dire. Moreover, defendant does not dispute the People's assertion that the witnesses' names and addresses were turned over in time for the defense to conduct a pre-testimony investigation. The court conducted a sufficient inquiry and properly determined that there was a substantial basis for the witnesses' fear of disclosure of their identities (*see, People v Rhodes*, 154 AD2d 279, *lv denied* 75 NY2d 816). The protective order was justified by valid security concerns (*cf., People v Sweeper*, 122 Misc 2d

386), and defendant did not establish any need for earlier disclosure.

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.