■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DANIEL SANTANA, Appellant. [953 NYS2d 588]—

Judgment, Supreme Court, New York County (Thomas Farber,
J.), rendered June 29, 2011, as amended July 22, 2011, convict-
ing defendant, after a jury trial, of murder in the second degree
(two counts) and kidnapping in the first degree, and sentencing
him to concurrent terms of 25 years to life, unanimously af-
firmed.

The verdict was based on legally sufficient evidence and was
not against the weight of the evidence (*see People v Danielson*, 9
NY3d 342, 348-349 [2007]). There is no basis for disturbing the
jury's credibility determinations. The testimony of the cooperat-
ing accomplice was amply corroborated by the testimony of the
surviving victims, as well as other evidence.

In addition to kidnapping and felony murder, defendant was
properly convicted of depraved indifference murder (*see People v
Battles*, 16 NY3d 54 [2010]). Although defendant did not person-
ally commit the acts of "wanton cruelty, brutality or callous-
ness" (*People v Suarez*, 6 NY3d 202, 213 [2005]) that caused the
victim's death, the evidence established defendant's accessorial
liability pursuant to Penal Law § 20.00.

The challenged portions of the prosecutor's summation did
not deprive defendant of a fair trial (*see generally People v
Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976
[1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept
1992], *lv denied* 81 NY2d 884 [1993]). The prosecutor did not
make prejudicial appeals for sympathy, and any improprieties in
this regard were sufficiently addressed by the court's curative
actions. The portions of the summation that defendant chal-
lenges as misstating the facts constituted fair comment on the
evidence. Defendant's remaining contentions regarding the sum-
mation are unpreserved and we decline to review them in the
interest of justice. As an alternative holding, we find no basis
for reversal.

The court properly exercised its discretion in granting the
People a protective order concerning some aspects of discovery.
The order was based on valid concerns about the safety of wit-
nesses (*see* CPL 240.50; *People v Ancrum*, 281 AD2d 295 [1st
Dept 2001], *lv denied* 96 NY2d 859 [2001]; *cf. People v Sweeper*,
122 Misc 2d 386 [Sup Ct, NY County 1984]). In any event, under

the protective order, defendant received the documents that were required to be disclosed under CPL 240.45 even before the deadline set forth in that statute. Furthermore, nothing in the order prohibited defense counsel from showing any documents to his client. Defendant has not substantiated his conclusory claims that his trial attorney needed more time to review the documents, or that defendant needed to have his own copies. Defendant did not preserve his procedural or constitutional claims regarding the factual basis for the protective order, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

Defendant's arguments concerning his eve-of-trial request for an opportunity to retain new counsel are without merit (*see People v Arroyave*, 49 NY2d 264, 270-271 [1980]). Concur—Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.