Judgment, Supreme Court, New York County (Thomas Farber, J), rendered June 29, 2011, as amended July 22, 2011, convicting defendant, after a jury trial, of murder in the second degree (two counts) and kidnapping in the first degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The testimony of the cooperating accomplice was amply corroborated by the testimony of the surviving victims, as well as other evidence.
In addition to kidnapping and felony murder, defendant was properly convicted of depraved indifference murder (see People v Battles, 16 NY3d 54 [2010]). Although defendant did not personally commit the acts of “wanton cruelty, brutality or callousness” (People v Suarez, 6 NY3d 202, 213 [2005]) that caused the victim’s death, the evidence established defendant’s accessorial liability pursuant to Penal Law § 20.00.
The challenged portions of the prosecutor’s summation did not deprive defendant of a fair trial (see generally People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D’Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The prosecutor did not make prejudicial appeals for sympathy, and any improprieties in this regard were sufficiently addressed by the court’s curative actions. The portions of the summation that defendant challenges as misstating the facts constituted fair comment on the evidence. Defendant’s remaining contentions regarding the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
The court properly exercised its discretion in granting the People a protective order concerning some aspects of discovery. The order was based on valid concerns about the safety of witnesses (see CPL 240.50; People v Ancrum, 281 AD2d 295 [1st Dept 2001], lv denied 96 NY2d 859 [2001]; cf. People v Sweeper, 122 Misc 2d 386 [Sup Ct, NY County 1984]). In any event, under *480 the protective order, defendant received the documents that were required to be disclosed under CPL 240.45 even before the deadline set forth in that statute. Furthermore, nothing in the order prohibited defense counsel from showing any documents to his client. Defendant has not substantiated his conclusory claims that his trial attorney needed more time to review the documents, or that defendant needed to have his own copies. Defendant did not preserve his procedural or constitutional claims regarding the factual basis for the protective order, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
Defendant’s arguments concerning his eve-of-trial request for an opportunity to retain new counsel are without merit (see People v Arroyave, 49 NY2d 264, 270-271 [1980]). Concur— Mazzarelli, J.P, Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.