■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY RHODES, Appellant.—Judgment of the Supreme Court, New York County (Martin H. Rettinger, J.), rendered March 18, 1985, convicting defendant, after a jury trial, of two counts of murder in the second degree and sentencing him to an indeterminate sentence of 25 years to life, unanimously affirmed.

Defendant contends that, pursuant to *Brady v Maryland* (373 US 83), the fact that the People's eyewitness was only nine years old should have been disclosed prior to trial as exculpatory material *(People v Cwikla,* 46 NY2d 434). The theory advanced by defendant necessarily intimates that the court should entertain the presumption that any testimony given by a child of nine is inherently unreliable. This is a suggestion we flatly reject.

Defendant further asserts that the name and address of the People's eyewitness should have been disclosed prior to trial. Discovery of the names and addresses of witnesses is a matter which is entrusted to the sound discretion of the Trial Judge *(People v Andre W.,* 44 NY2d 179, 185). Given the tender years of the People's eyewitness and the potential for intimidation, it cannot be said that the Judge abused his discretion in denying discovery of the witness's name and address (CPL 240.50; *People v Rivera,* 119 AD2d 517, 519-520 [dictum]).

We note that, at the trial, the Judge conducted a proper voir dire to ascertain, to his satisfaction, the capacity of the child to comprehend the nature of an oath (CPL 60.20 [2]). Defendant's assertion to the contrary notwithstanding, there is no statutory or constitutional requirement that his counsel participate in the voir dire (CPL 60.20 [2]; *People v Byrnes,* 33 NY2d 343, 350-351).

Defendant's other contentions have been examined and found to be without merit. Concur—Murphy, P. J., Kassal, Rosenberger, Ellerin and Rubin, JJ.