■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS BLAGROVE, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered August 2, 1989, convicting him of murder in the second degree (two counts) and kidnapping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his conviction must be reversed due to the fact that the People delayed in turning over a doctor's notes as Rosario material (People v

*Rosario,* 9 NY2d 286, *cert denied* 368 US 866). A prosecutor's delay in turning over *Rosario* material will result in a reversal only where the defense is substantially prejudiced *(People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56; *see also, People v Young,* 79 NY2d 365). No such prejudice occurred here. The defendant received the notes prior to the doctor's testimony, and had a full opportunity to cross-examine him based upon the notes. In addition, the defendant was generally apprised of the fact that the notes were based on the autopsy report and other physical evidence *(see, People v Smith,* 162 AD2d 734).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The trial court properly admitted into evidence a photograph depicting the murder victim. Photographs of a homicide victim may be admitted "to illustrate, elucidate or corroborate other evidence offered or to be offered at the trial" *(People v Stevens,* 76 NY2d 833, 835). Here, the photograph was admitted to show the victim's wounds and it also corroborated the testimony of the doctor who testified to those wounds. There was no indication that the photograph was admitted for the sole purpose of arousing the emotions of the jury *(see, People v Stevens, supra).*

We find that the defendant's sentence was neither harsh nor excessive *(People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.