■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY RAY ROBINSON, Appellant. [606 NYS2d 908] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 24, 1989, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Ford,* 66 NY2d 428; *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Indeed, the evidence was overwhelming. The evidence established that during the early morning hours of April 13, 1988, the defendant was in the lobby of a building in Brooklyn and threatened to shoot an acquaintance with a nine millimeter handgun because the acquaintance had stolen $80 from him. When they were surprised by Officer Anthony Weekes, who, with his partner, Officer Anthony McClean, was searching the building for a missing child, the defendant ran into a nearby stairwell, where he encountered Officer McClean. As the defendant later explained to a friend, who testified at the trial, he feared that if he were arrested for possession of a weapon, his parole would be revoked. He therefore fired three shots at McClean, killing him.

The defendant received ample advance warning of the *Molineux* issues which would come up at the trial. Several days before the trial began, the prosecutor laid before the court and the defense counsel, out of the presence of the jury, the uncharged crimes evidence that he planned to present, and obtained an advance ruling that the evidence was both admissible under one of the *Molineux* exceptions and more probative than prejudicial *(see, People v Ventimiglia,* 52 NY2d 350, 361-362; *see also, People v Linton,* 166 AD2d 670, 672). Evidence that the defendant menaced his acquaintance with a

gun, and that he was on parole at the time, was properly admitted, because the defendant's "motive" for shooting Officer McClean arose from the fact that the policeman had observed him with a loaded firearm in his hand—a violation of his parole (see, People v Alvino, 71 NY2d 233, 241-242; People v Molineux, 168 NY 264, 293; People v Pons, 159 AD2d 471, 474). These facts were also essential components of the res gestae (see, People v Vails, 43 NY2d 364, 368; People v Mangarella, 190 AD2d 757; People v Davis, 169 AD2d 774). Moreover, the court minimized any prejudice to the defendant by ensuring that the crime underlying the defendant's parole was not divulged, and by instructing the jury that the defendant's parole status was relevant only on the issue of motive.

Similarly, the court did not err in admitting evidence that the defendant was in possession of a considerable quantity of money, since the defendant's anger at the theft of a portion of it arguably triggered the entire subsequent chain of events. Without that information, the crime would have been unintelligible to the jury (see, e.g., People v Pons, supra, at 474; People v Hodge, 141 AD2d 843). The defense counsel elicited on cross-examination that many of the defendant's acquaintances who testified for the prosecution were involved in drug trafficking. Thus, the defendant may not now be heard to complain that he was convicted on the basis of evidence connecting him to a large-scale drug enterprise, when he himself elicited that information at the trial.

There is also no merit to the defendant's claim that alleged isolated errors in the court's charge warrant reversal. The court's charge, considered as a whole, was balanced and correct (see, People v Canty, 60 NY2d 830, 832), as it properly laid out "the fundamental legal principles applicable to criminal cases in general", as well as "the material legal principles applicable to [this] particular case" (CPL 300.10 [2]). In any event, assuming, arguendo, that any error occurred, it must be deemed harmless, in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

It was entirely proper for the court to base its protective order with respect to Rosario material on the prosecutor's in camera representations, on the record, that the defendant had a history of threatening witnesses (see, CPL 240.50, 240.90 [3]; People v Boyd, 164 AD2d 800, 802-803). The court's order properly balanced the interests of the prosecution witnesses in their safety against the defendant's right to mount a defense (see, People v Boyd, supra; People v Rhodes, 154 AD2d 279). Because all the Rosario material was turned over early

enough for the defendant to use it effectively during cross-examination at the trial, no prejudice resulted from a protective order shielding the identity of certain prosecution witnesses until the day before they were to testify *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v Richards,* 184 AD2d 222; *People v Blagrove,* 183 AD2d 837; *People v Bennett,* 162 AD2d 820).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.