■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC JONES, Appellant. [714 NYS2d 24] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered September 21, 1994, convicting defendant, after a jury trial, of attempted murder in the first degree, burglary in the first degree, and assault in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years and 7½ to 15 years on the attempted murder and first-degree assault convictions, respectively, to run consecutively to concurrent terms of 12½ to 25 years and 3½ to 7 years on the burglary and second-degree assault convictions, respectively, unanimously affirmed.

The court properly exercised its discretion in admitting testimony that revealed defendant's parole status. Defendant's sudden and unexplained cessation of reporting to his parole officer, immediately following the instant crime, was part of a pattern of behavior showing consciousness of guilt, thereby providing circumstantial corroborating evidence of identity (*see, People v Ventimiglia*, 52 NY2d 350, 359; *People v Blanchard*, 105 AD2d 492). Since identity was the main issue, the court properly concluded that the probative value of the evidence outweighed any prejudice to defendant. The fact that defendant made other changes in his routine following the crime did not render the parole violation evidence inadmissible, since defendant's abrupt dereliction of his legal duty to report was far more probative than the other changes in behavior. Any prejudice to defendant was minimized by the prohibition of testimony as to the nature of the crime underlying defendant's parole and by the court's strong cautionary instructions to the jury (*see, People v McMurray*, 271 AD2d 460). Defendant's

remaining arguments concerning this evidence and the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

Consecutive sentences were properly imposed for the convictions of attempted murder and burglary (*see, People v Laureano*, 87 NY2d 640, 643; *People v Day*, 73 NY2d 208, 211-212). This case involved two victims. The victim of the attempted murder was attacked before and after she fled into the apartment of the burglary victim, who was also assaulted. The burglary was complete when defendant gained entry into the apartment by threatening and stabbing the burglary victim. At the very least, the subsequent attack, inside the apartment, upon the attempted murder victim, after the burglary victim had sought refuge in a bedroom, constituted a separate and distinct act (*see, People v Yong Yun Lee*, 92 NY2d 987, 988) regardless of whether defendant's actions were part of a continuous course of criminal conduct that had begun with his initial attack on the attempted murder victim outside the apartment (*People v Salcedo*, 92 NY2d 1019, 1021; *People v Day, supra*, 73 NY2d, at 212). Concur—Sullivan, P. J., Tom, Ellerin, Rubin and Andrias, JJ.