■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RILEY, Also Known as AJAMU OLUTOSIN, Appellant. [765 NYS2d 890] —Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (McGann, J.), dated September 3, 1997, which denied his motion pursuant to CPL 440.20 to vacate the sentence imposed upon a judgment of the same court (Leahy, J.), rendered February 13, 1987, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and robbery in the first degree (two counts), consisting of concurrent terms of 25 years to life imprisonment on each of the convictions of murder in the second degree, $8^{1}/_{3}$ to 25 years' imprisonment on the conviction of attempted murder in the second degree, to run consecutively to all of the other sentences, and consecutive terms of $12^{1}/_{2}$ to 25 years' imprisonment on each of the convictions of robbery in the first degree, to run consecutively to all other sentences.

Ordered that the order is reversed, on the law, the motion is granted, the sentence is vacated, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

On October 11, 1985, the appellant and two codefendants robbed Gary Owens and another at gunpoint. After driving the victims around in Owens' car, the appellant and his codefendants ordered them to exit the car and stand against a wall. One of the codefendants then shot Owens in the head, resulting in a wound which eventually caused his death. As the other victim ran away, one of the codefendants shot him three times. After a trial, the appellant and his codefendants were each convicted of two counts of murder in the second degree (intentional murder and felony murder), attempted murder in

the second degree, and two counts of robbery in the first degree (one count with respect to each victim). On February 13, 1987, the Supreme Court imposed concurrent terms of 25 years to life imprisonment on each of the murder convictions. It also imposed terms of $8^{1}/_{3}$ to 25 years' imprisonment on the attempted murder conviction, and a term of $12^{1}/_{2}$ to 25 years' imprisonment on each conviction of robbery in the first degree. The sentences for the attempted murder conviction and each robbery conviction were to run consecutive to each other and to the murder sentences, for an aggregate sentence of $58^{1}/_{3}$ years to life imprisonment.

In July 1997 the appellant moved to set aside his sentence as illegal pursuant to CPL 440.20 (1), claiming that all of his sentences should run concurrently because all of the offenses "were committed through a single act." By order dated September 3, 1997, the Supreme Court, Queens County, denied the appellant's motion, stating that the shootings of each victim and the robberies of each victim were separate and distinct acts. Although the appellant's motion for leave to appeal from this order was originally denied, this Court subsequently granted the appellant's motion for reargument and, upon reargument, granted his motion for leave to appeal from the order dated September 3, 1997. We now reverse the Supreme Court's order, grant the appellant's motion, and vacate the sentence. The sentences on the two convictions of robbery in the first degree should run concurrently to the sentence on his conviction of felony murder. However, we reject the appellant's contention that the sentences on his conviction of attempted murder and the sentences on his robbery convictions may not run consecutively to each other or to the sentence on his conviction of intentional murder.

We agree with the appellant to the extent that he argues that his sentences on the robbery convictions and the sentence on his felony murder conviction cannot run consecutively since the robbery constituted the underlying felony for the felony murder conviction and constituted a material element of that crime (*see People v Benitez*, 281 AD2d 487, 488 [2001]; *People v Leo*, 255 AD2d 458, 459 [1998]). Furthermore, since neither the indictment nor the Supreme Court's charge to the jury on the felony murder conviction specified which robbery (i.e., the robbery of Owens or the robbery of the other victim) served as the predicate for the felony murder charge, "it is impossible to tell which robbery was a separate and distinct act from the felony murder" (*People v Parks*, 95 NY2d 811, 815 [2000]). Therefore, the sentences for both robberies must run concurrently to the sentence for felony murder.

However, the appellant's contention that his sentences for the murder of Owens and the attempted murder of the other victim must run concurrently is without merit, since separate acts caused the death of Owens and the injuries to the other victim (*see People v Brathwaite,* 63 NY2d 839, 843 [1984]). Similarly, since the robberies were separate and distinct acts from the intentional murder of Owens and the attempted murder of the other victim, respectively, the sentence for the robbery of Owens may run consecutively to the sentence for the intentional murder of Owens and the sentence for the robbery of the other victim may run consecutively to the sentence for the attempted murder of the other victim (*see People v Williams,* 245 AD2d 400, 401 [1997]; *People v Jackson,* 237 AD2d 620, 621 [1997]; *People v Hladky,* 229 AD2d 400 [1996]; *People v Mayberry,* 224 AD2d 549, 550 [1996]; *see also People v Brown,* 80 NY2d 361, 364 [1992] [the sentencing court retains discretion to impose consecutive sentences "when separate offenses are committed through separate acts, though they are part of a single transaction"]).

The appellant's remaining contentions are without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.