■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RILEY, Also Known as AJAMU OLUTOSIN, Appellant. [802 NYS2d 251]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (McGann, J.), imposed April 15, 2004, upon his conviction of murder in the second degree (two counts), attempted murder in the second degree, and robbery in the first degree (two counts), after remittitur from this Court for resentencing (*see People v Riley,* 309 AD2d 879 [2003]).

Ordered that the resentence is affirmed.

On February 13, 1987, the defendant was sentenced for his involvement in the robbery, murder, and attempted murder of Gary Owens and Dwayne Morrison, to concurrent indeterminate terms of imprisonment of 25 years to life upon his conviction of two counts of second degree murder (intentional and felony murder of Owens), as well as $8^1/_3$ to 25 years upon his conviction of attempted murder (Morrison) and $12^1/_2$ to 25 years upon his conviction of two counts of first degree robbery (one for each victim), to run consecutive to each other and to the sentence on the murder convictions. In 2003 we vacated the defendant's sentences and remitted the matter to the Supreme

Court, Queens County, for resentencing, holding that the two robbery sentences should run concurrently to the sentence for felony murder, but the sentences for attempted murder and both robberies could run consecutively to each other and to the sentence for intentional murder (*see People v Riley, supra*).

Upon remittitur, the Supreme Court resentenced the defendant in accordance with our prior decision and order. As he did on his prior appeal to this Court, arising from the same trial, the defendant again challenges the imposition of consecutive sentences with respect to the attempted murder, intentional murder, and robbery convictions. However, this Court's rejection of the defendant's claim on his prior appeal "constitutes the law of the case, and, absent a showing of 'manifest error' in the prior decision or that 'exceptional circumstances exist warranting departure from the law of the case doctrine,' the defendant is precluded from having this issue reconsidered" (*People v Martinez*, 194 AD2d 741, 741-742 [1993], quoting *People v Barnes*, 155 AD2d 468, 469 [1989]; *see People v Taylor*, 87 AD2d 771, 772 [1982], *affd* 57 NY2d 729 [1982]). There is no basis upon which to disturb the resentence (*see People v Brathwaite*, 63 NY2d 839, 843 [1984]; *People v Williams*, 245 AD2d 400, 401 [1997]). Further, the resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The issues raised in the defendant's supplemental pro se brief are either without merit or not properly before the Court on this appeal (*see People v Campbell*, 306 AD2d 494, 495 [2003]; *People v Martinez, supra*; *People v Correa*, 118 AD2d 651 [1986]). S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.