■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN J. PRYOR, Appellant. [851 NYS2d 801]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered June 7, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]). Contrary to defendant's contention, County Court did not err in admitting evidence that defendant was on parole at the time of the crime, had stopped reporting to his parole officer and had violated parole by leaving New York State immediately thereafter. That evidence was relevant

in establishing "defendant's consciousness of guilt, and the probative value of the evidence outweighed its prejudicial effect" (*People v Topolski*, 28 AD3d 1159, 1160 [2006], *lv dismissed* 6 NY3d 898 [2006], *lv denied* 7 NY3d 764, 795 [2006]; *see People v Wynder*, 41 AD3d 209 [2007], *lv denied* 9 NY3d 884 [2007]; *People v Jones*, 276 AD2d 292 [2000], *lv denied* 95 NY2d 965 [2000]). We note in addition that defendant initially elicited the testimony that he had a curfew and was not permitted in locations where alcohol was served and thus will not be heard to contend that the court erred in admitting such testimony when it thereafter was elicited by the People (*see People v Mateo*, 2 NY3d 383, 425 [2004], *cert denied* 542 US 946 [2004]; *People v Vazquez*, 28 AD3d 1100 [2006], *lv denied* 9 NY3d 965 [2007]). Contrary to the further contention of defendant, the court did not abuse its discretion in denying his motion for a mistrial based on the prosecutor's violation of the court's *Sandoval* ruling. The court's "immediate curative instruction . . . reduced [the] prejudice [to defendant] to the extent that reversal on such ground[ ] is not warranted" (*People v Nusbaum*, 222 AD2d 723, 726 [1995], *lv denied* 87 NY2d 1023 [1996]; *see also People v Cruz*, 272 AD2d 922, 923 [2000], *affd* 96 NY2d 857 [2001]).

By failing to renew his motion for a trial order of dismissal at the close of proof, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Great deference is accorded to the jury's resolution of credibility issues (*see People v Gritzke*, 292 AD2d 805 [2002], *lv denied* 98 NY2d 697 [2002]), and it cannot be said herein that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495). Defendant also failed to preserve for our review his contentions that he was deprived of his right to a fair trial based on alleged prosecutorial misconduct on summation (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]), and that the court's responses to oral inquiries from a juror improperly interfered with jury deliberations (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defense counsel's failure to object to portions of the prosecutor's summation did not deprive defendant of effective assistance of counsel (*see Smith*, 32 AD3d at 1292). "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the represen-

tation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.