■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN JACKSON, Appellant. [938 NYS2d 906]

The defendant effectively waived his right to counsel at the resentencing, as he voluntarily proceeded pro se, with the assistance of standby counsel, as he had done from the pretrial stages of this litigation until this appeal (*cf. People v Slaughter*, 78 NY2d 485, 491 [1991]). Moreover, contrary to the contention of the defendant in his pro se supplemental brief, his resentence does not violate the Double Jeopardy Clause of the Fifth Amendment (*see People v Lingle*, 16 NY3d 621, 630 [2011]; *People v Williams*, 14 NY3d 198, 214 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]).

The questions raised regarding the propriety of the defendant's original conviction in both the defendant's main brief and his pro se supplemental brief are not properly before this Court on the appeal from the resentence (*see People v Correa*, 118 AD2d 651 [1986]; *see also People v Riley*, 22 AD3d 609, 610 [2005]). Moreover, the defendant's contention that he should not have been adjudicated a persistent violent felony offender has already been considered and rejected by this Court (*see People v Jackson*, 65 AD3d 1164 [2009]). The resentence imposed is not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]).

The defendant's remaining contentions in his pro se supplemental brief are without merit. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.