THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHON RUMELL JOHNSON, Appellant. [942 NYS2d 621]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 7, 2009, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the defendant's conviction of criminal possession of a weapon in the third degree; as so modified, the judgment is affirmed and the matter is remitted to the County Court, Orange County, for resentencing on the conviction of criminal possession of a weapon in the third degree in accordance herewith.

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove the defendant's guilt of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court did not improvidently exercise its discretion in permitting the People to present evidence that the defendant was on parole at the time of the incident from which the charges arose, and that he thereafter violated the conditions of his parole by relocating and by failing to report to his parole officer on the day after the incident. That evidence was relevant in that it demonstrated the defendant's consciousness of his guilt of the charged offenses (*see People v Pryor*, 48 AD3d 1217, 1217-1218 [2008]; *People v Jones*, 276 AD2d 292 [2000]). Moreover, the court properly instructed the jury on the evaluation of this evidence (*see People v Crichlow*, 79 AD3d 1144 [2010]; *People v Jenkins*, 49 AD3d 780, 780-781 [2008]). The defendant's contention relating to the court's instructions on this issue is unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Rodriguez*, 91 AD3d 797, 797-798 [2012]; *People v Jones*, 276 AD2d at 292-293; *People v McClain*, 250 AD2d 871, 873 [1998]).

The defendant has not established that he was deprived of his right to effective assistance of counsel under either the Federal or State Constitution (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

As the People correctly concede, however, the sentence on the defendant's conviction for criminal possession of a weapon in the third degree is improper. The subsection under which the defendant was convicted, Penal Law § 265.02 (1), is not a violent felony offense (*see* Penal Law § 70.02 [1] [c]; *People v Rickett*, 259 AD2d 636, 637 [1999], *affd* 94 NY2d 929 [2000]; *cf. People v Fermin*, 36 AD3d 934, 937 [2007]). Therefore, the defendant was required to be sentenced on that count to an indeterminate prison term (*see* Penal Law § 70.06 [2]). Accordingly, the judgment must be modified by vacating the sentence imposed on

that conviction and remitting the matter to the County Court, Orange County, so that the defendant may be resentenced on that count. The defendant's remaining contentions with respect to the sentencing proceeding are without merit (*see People v Morgan*, 27 AD3d 579, 580 [2006]; *People v Rivers*, 262 AD2d 108, 108-109 [1999]).

The defendant's contention in his pro se supplemental brief is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Crosby*, 33 AD3d 719, 720 [2006]). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.