■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHON RUMELL JOHNSON, Appellant. [982 NYS2d 171]—

Appeal by the defendant from a resentence of the County Court, Orange County (Berry, J.), imposed June 27, 2012, upon his conviction of criminal possession of a weapon in the third degree, upon a jury verdict, after remittitur from this Court for resentencing (*see People v Johnson*, 94 AD3d 1144 [2012]), the resentence being an indeterminate term of imprisonment of 3½ to 7 years, to run consecutively to the sentences previously imposed upon his convictions of criminal possession of a weapon in the second degree (two counts).

Ordered that the resentence is affirmed.

After a jury trial, the defendant was convicted of two counts of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03), and one count of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]). The County Court sentenced the defendant to concurrent determinate terms of imprisonment upon the convictions of criminal possession of a weapon in the second degree, and directed that those terms run consecutively to a determinate term of imprisonment imposed upon the conviction of criminal possession of a weapon in the third degree. Upon the defendant's ap-

peal from the resulting judgment of conviction, this Court modified the judgment by vacating the sentence imposed upon the conviction of criminal possession of a weapon in the third degree, and remitted the matter to the County Court for resentencing on that conviction. The sentence imposed upon that conviction was defective because criminal possession of a weapon in the third degree as defined in Penal Law § 265.02 (1), the subsection under which the defendant was convicted, is not a violent felony offense (*see* Penal Law § 70.02 [1] [c]). Thus, the court was required to impose an indeterminate term of imprisonment, rather than a determinate term (*see People v Johnson*, 94 AD3d 1144, 1145 [2012]; *compare* Penal Law § 70.04 [3] [c] *with* Penal Law § 70.06 [2], [3] [d]; [4] [b]).

After remittitur from this Court, the County Court resentenced the defendant to an indeterminate term of imprisonment upon the conviction of criminal possession of a weapon in the third degree and directed that the resentence run consecutively to the sentences previously imposed upon the remaining counts. On this appeal from the resentence, the defendant asks us to reduce the resentence imposed upon the conviction of criminal possession of a weapon in the third degree in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [b]). He seeks either a more lenient term on that count or a modification to provide that the resentence run concurrently with the sentences previously imposed upon the convictions of criminal possession of a weapon in the second degree.

Contrary to the People's contention, we did not address, on the appeal from the judgment, the issue of whether the sentences should run concurrently (*cf. People v Jackson*, 92 AD3d 958, 958 [2012]; *People v Riley*, 22 AD3d 609, 610 [2005]). Accordingly, that contention is properly before us. Nonetheless, the defendant's resentence upon his conviction of criminal possession of a weapon in the third degree is not excessive, either in its length or in the fact that it is to run consecutively to the sentences previously imposed upon the remaining counts (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.