Erwin JACKSON, Petitioner,

v.

The COMMISSIONER OF the NEW YORK STATE DEPARTMENT OF CORRECTIONAL AND COMMUNITY SUPERVISION, Respondent.

12–cv–202 (SJF)

United States District Court, E.D. New York.

Signed 06/06/2017

Erwin Jackson, Elmira, NY, pro se.

Joanna R. Hershey, Monica Marie Cullen Leiter, Yael Vida Levy, Nassau County District Attorney's Office, Mineola, NY, for Respondent.

## OPINION AND ORDER

FEUERSTEIN, District Judge:

*Pro se* Petitioner Erwin Jackson ("Petitioner" or "Jackson") commenced this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket Entry ("DE") [1]. Presently before the Court is Petitioner's Motion to Vacate Order and Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. DE [49].

Respondent Commissioner of the New York State Department of Correctional and Community Supervision ("Respondent" or "Commissioner") opposes Petitioner's motion. DE [52]. For the reasons set forth herein, Jackson's motion is denied.

## I. BACKGROUND

### A. Factual Background

#### 1. Petitioner's Criminal Activity and Sentence

During a five (5) month period in 2005, Petitioner and several accomplices committed a series of bank robberies in Nassau County, New York. *See* Affidavit in Opposition and Supporting Memorandum of Law ("Resp.'s Opp'n"), DE [52], ¶ 4. On November 22, 2005, Petitioner was arrested and charged with: (i) twelve (12) counts of first-degree robbery in violation of N.Y. Penal Law § 160.15; and (ii) one (1) count of fourth-degree conspiracy in violation of N.Y. Penal Law § 105.10. *Id.* at ¶ 5. On February 6, 2007, following a non-jury trial in the Supreme Court of the State of New York, Nassau County, Jackson was convicted of nine (9) counts of first-degree robbery and one (1) count of fourth-degree conspiracy. *See* Petition for Writ of Habeas Corpus ("Pet."), DE [1], ¶ 17. On July 30, 2008, the Honorable Jerald S. Carter, A.J.S.C., sentenced Petitioner to thirty (30) years of imprisonment as a first-time felony offender. *Id.* at Ex. A. On September 22, 2008, Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department (the "Second Department"), and the People of the State of New York cross-appealed Jackson's sentence insofar as Justice Carter sentenced Petitioner as a first-time felony offender. Resp.'s Opp'n ¶ 5. On September 15, 2009, the Second Department affirmed Jackson's conviction, but modified the judgment and remitted the matter to the Supreme Court, Nassau County, for resentencing as a persistent violent felony offender. *Id.* On October 26, 2009, Justice Carter resentenced Petitioner to an aggregate indeterminate term of forty-four (44) years to life in prison as a persistent violent felony offender. *Id.* The Second Department affirmed Jackson's sentence on appeal. *See People v. Jackson*, 92 A.D.3d 958, 958, 938 N.Y.S.2d 906 (2d Dep't 2012).

#### 2. The Instant Action

By way of an October 28, 2011 Petition for Writ of Habeas Corpus, filed in the United States District Court for the Western District of New York, Jackson commenced this action.[1] DE [1]. Petitioner argued that he was being detained and punished "in violation of the due process clause of the 14th Amendment to the United States Constitution" because: (i) the order of commitment did not accurately reflect Justice Carter's oral judgment at Petitioner's October 26, 2009 resentencing; and (ii) Justice Carter failed to sentence Petitioner upon each count for which Petitioner was convicted. Pet. ¶¶ 4, 10, 22–31. In a July 30, 2015 Memorandum and Order (the "Dismissal Order"), the Court dismissed Jackson's Petition without prejudice because Jackson had failed to exhaust all available state remedies. DE [31].

On August 11, 2015, Petitioner filed a motion for reconsideration of the Dismissal Order. DE [33]. Petitioner wrote that, in its Dismissal Order, the Court was "under the mistaken understanding that [Petitioner's] state habeas corpus petition of February 7, 2012 was still pending decision." DE [33] at 1. According to Jackson, "the state court ha[d] rendered a decision on said

1. On January 17, 2012, the action was transferred to this Court. DE [3].

state petition over 3 years ago." *Id.* In a March 28, 2016 Order (the "Reconsideration Order"), the Court granted Petitioner's motion for reconsideration, but denied his Petition for a Writ of Habeas Corpus, holding, *inter alia*, that Jackson's claims were both procedurally defaulted and meritless. DE [44]. Accordingly, the Court dismissed Jackson's Petition with prejudice. *Id.* On April 11, 2016, Petitioner filed a Notice of Appeal of the Court's Reconsideration Order. DE [46]. On ·August 25, 2016, the Second Circuit dismissed Petitioner's appeal because Petitioner failed to make a "substantial showing of the denial of a constitutional right." DE [48].

### 3. Writ of Prohibition Proceedings

On December 13, 2013, while the instant action was pending in this Court, Petitioner filed a Petition for Writ of Prohibition against the New York State Department of Corrections and Community Supervision ("DOCCS") in the Supreme Court of the State of New York, County of Albany (the "Prohibition Proceeding"). *See* Motion to Vacate Order and Judgment ("Pet.'s Mem."), DE [49], at 19–35. In the Prohibition Proceeding, Jackson sought an "immediate order prohibiting the . . . respondents from further enforcement and utilization of an order of commitment which is dated October 27, 2009 that was prepared and issued by·the Nassau County Senior Court Clerk." *Id.* ·at ¶ 1. According to Jackson, the October 27, 2009 order of commitment was "jurisdictionally defective on its face as well as in its operation" because, *inter alia*, it contained sentences that were imposed by the senior court clerk as opposed to the sentencing judge and increased the sentences that were orally imposed by the court at Petitioner's resentencing. *Id.* at ¶ 2. In a July 7, 2014 Decision, Order and Judgment (the "Prohibition Order"), the Supreme Court of the State of New York,

Albany County, granted the DOCCS's motion to dismiss and dismissed Petitioner's Petition. for Writ of Prohibition. *See* Pet.'s Mem. at Ex. B. In its Prohibition Order, the Supreme Court, Albany County, erroneously wrote, "[o]n July 30, 2008, petitioner was sentenced in Supreme Court, Nassau County (Carter, J.) to an aggregate determinate sentence of thirty years upon his conviction on nine counts of Robbery, 1st Degree and *one count of Conspiracy, 1st Degree*." *Id.* at 2 (emphasis added). In reality, as discussed above, the Supreme Court, Nassau County, convicted Petitioner of nine (9) counts of first degree robbery and ·one (1) count of fourth degree conspiracy.

Petitioner appealed the Prohibition Order to the Supreme Court of the State of New York, Appellate Division, Third Judicial Department (the "Third Department"). In its brief in opposition to Jackson's appeal, the DOCCS ·also erroneously wrote that "[i]n 2008, petitioner was convicted on nine counts of first-degree robbery and *one count of first-degree conspiracy*." *Id.* at Ex. C. (emphasis added). In an October 8, 2015 Memorandum and Order, the Third Department wrote, "[i]n 2008, petitioner was convicted of nine counts of robbery in the first degree and *one count of conspiracy in the first degree* and sentenced as a first-time felony offender to an aggregate prison term of 30 years." *Id.* at Ex. D. The Third Department ultimately held, *inter alia*, that the Supreme Court, Albany County, "correctly granted respondents' motion to dismiss the petition." *Id.*

### B. Procedural Background

· On September 1, 2016, Petitioner filed the instant motion to vacate this Court's March. 28, 2016 Reconsideration Order pursuant to .Fed. R. Civ. P. 60. DE [49]. Plaintiff claims that "prior to and subsequent [to] this court's rendering it's [*sic* ]

[Reconsideration Order], the office of the New York State Attorney General and several State Courts modified and altered (in substance) the petitioner's criminal conviction date and the crime (conspiracy in the 4th degree) that the petitioner was convicted of and sentenced upon." *See* Pet.'s Mem. ¶ 2. According to Jackson, "in light of the recent factual determinations and decisions of the State Courts which modified and altered the petitioner's original date of conviction and offense, this court's [Reconsideration Order] is void and is required to be vacated." *Id.* at ¶ 4. Jackson further argues that "[t]he state Courts [*sic*] modification of the petitioner's original date of conviction, crime, and final judgment divest this federal court of subject matter jurisdiction whereby rendering this court's [Reconsideration Order] void." *Id.* at 13. In opposition, Respondent argues, *inter alia*, that "petitioner has not demonstrated that the Third Department's mistaken statement that he was convicted of first-degree conspiracy in any way deprived this Court of jurisdiction or rendered its decision denying petitioner's application for a writ of habeas corpus void." *See* Resp.'s Opp'n ¶ 20.

## II.  DISCUSSION

██ Rule 60 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Relevant here, a judgment is void pursuant to Fed. R. Civ. P. 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Tr. Co. of New York*, 443 F.3d 180, 193 (2d Cir. 2006); *see also United Student Aid Funds,*

*Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010) (observing that Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard"). However, it is well established that "[i]n the habeas corpus context, a Rule 60(b) motion may not be used as an end run around the stringent limitations on second or successive petitions set forth by § 2244(b), but may be used to challenge an alleged 'defect in the integrity' of the procedure used to decide the petition." *Smalls v. Smith*, No. 05-CV-5182, 2009 WL 2902516, at *4 (S.D.N.Y. Sept. 10, 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005)); *see also Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction.").

██ According to Jackson, this Court's March 28, 2016 Reconsideration Order is void, and therefore must be vacated, because the Prohibition Proceedings divested this Court of jurisdiction over Petitioner's judgment of conviction. *See* Pet.'s Mem. ¶¶ 1–2. Petitioner argues that by referring to "first degree conspiracy" as opposed to "fourth degree conspiracy," both the Supreme Court, Albany County, and the Third Department effectively vacated or modified Petitioner's judgment of conviction entered in the Supreme Court, Nassau County, on October 26, 2009. Specifically, Petitioner claims that "the Office of the New York State Attorney General and several State Courts modified and altered (in substance) the petitioner's criminal conviction date and the crime (conspiracy in

the 4th degree) that the petitioner was convicted of and sentenced upon." *Id.* at ¶ 2. As an initial matter, in the Prohibition Proceeding, Jackson did not seek to vacate or modify the judgment of conviction and there is no indication that either the Supreme Court, Albany County, or the Third Department intended to *sua sponte* vacate or modify Petitioner's conviction. Rather, Jackson sought to prevent the enforcement of an order of commitment because the "order of commitment [was] jurisdictionally defective on its face and in its operation . . . ." DE [49] at 19. As Petitioner concedes in the instant action, Jackson "never attacked or challenged the State criminal conviction or judgment but rather his illegal and unauthorized detention and custody . . . ." *See* Petitioner's Reply to the Respondent's Opposing Affidavit, DE [53], ¶ 4 (emphasis in original). Furthermore, even assuming Petitioner sought to vacate or modify the judgment of conviction in the Prohibition Proceeding, neither the Supreme Court, Albany County, nor the Third Department would have the authority to grant any such relief, as Jackson's conviction was entered in the Supreme Court, Nassau County, which sits in the Second Department. *See People v. Crescenzo*, 102 A.D.2d 829, 829, 476 N.Y.S.2d 603 (2d Dep't 1984) (holding that a motion to vacate a conviction "can only be brought in the court in which the judgment was entered"); *People v. Chase*, 286 A.D. 936, 937, 142 N.Y.S.2d 632 (3d Dep't 1955) ("An application for a writ of error *coram nobis* must be made to the court where the judgment of conviction was rendered."); *see also* N.Y. Crim. P. Law § 450.60(a) ("An appeal from a judgment, sentence or order of the supreme court must be taken to the appellate division of the department in which such judgment, sentence or order was entered."). In any event, there is no indication that references to "first degree conspiracy" were anything more than a typographical error or that they were in any way intended to vacate or otherwise modify Petitioner's conviction.

Based upon the foregoing, Petitioner's judgment of conviction was neither vacated nor modified prior to the Court's March 28, 2016 Reconsideration Order, and the Court therefore had jurisdiction to dismiss Jackson's Petition with prejudice. Therefore, the Reconsideration Order is not void, and Petitioner's motion to vacate pursuant to Fed. R. Civ. P. 60 is denied.

## III. CONCLUSION

For the reasons set forth herein, Petitioner's motion to vacate this Court's March 28, 2016 Reconsideration Order pursuant to Fed. R. Civ. P. 60 is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 920, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**