■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMONE LEWIS, Also Known as "MONE", Also Known as "D", Appellant. [57 NYS3d 293]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.) and of Erie County Court (Sheila A. DiTullio, J.), rendered September 2, 2014 and February 26, 2015, respectively. The judgment, which was rendered in two parts because of the severance of the last three counts of the indictment prior to trial, convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree and, upon his plea of guilty, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant was indicted on a series of five charges arising from two separate shooting incidents occurring in August 2012, and he appeals from the judgment convicting him of those charges. With respect to the first two counts of the indictment, defendant was convicted following a jury trial in Supreme Court (Wolfgang, J.) of murder in the second degree (Penal Law § 125.25 [1]), and criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from an incident in which he shot a man to death in return for money. With respect to the last three counts of the indictment, defendant was convicted upon his plea of guilty in County Court (DiTullio, J.) of attempted murder in the second degree (§§ 110.00, 125.25

[1]), assault in the first degree (§ 120.10 [1]), and an additional count of criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from an incident in which he shot a 15 year old because she was in a fight with defendant's girlfriend.

With respect to the counts of the indictment of which he was convicted after trial, defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is contrary to the weight of the evidence, primarily based on his challenge to the credibility of the witnesses regarding the identity of the perpetrator. Even assuming, arguendo, that defendant preserved his challenge for our review (*see generally People v Gray*, 86 NY2d 10, 19 [1995]), we reject that challenge. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction with respect to both charges (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is contrary to the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). With respect to the credibility of the witnesses, we conclude that their testimony "was not so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285 [2007], *lv denied* 8 NY3d 982 [2007]). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Hernandez*, 288 AD2d 489, 490 [2001], *lv denied* 97 NY2d 729 [2002]; *see People v Witherspoon*, 66 AD3d 1456, 1457 [2009], *lv denied* 13 NY3d 942 [2010]), and we see no basis for disturbing the jury's credibility determinations in this case.

Defendant failed to preserve for our review his further contention in his main and supplemental pro se briefs that the prosecutor engaged in prosecutorial misconduct on summation (*see People v Paul*, 78 AD3d 1684, 1684-1685 [2010], *lv denied* 16 NY3d 834 [2011]; *People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). In any event, the comments at issue were within " 'the broad bounds of rhetorical comment permissible' " during summations (*People v Williams*, 28 AD3d 1059, 1061 [2006], *affd* 8 NY3d 854 [2007], quoting *People v Galloway*, 54 NY2d 396, 399 [1981]), and were " 'either a fair response to defense counsel's summation or fair comment on the evidence' " (*People v Green*, 60 AD3d 1320,

1322 [2009], *lv denied* 12 NY3d 915 [2009]; *see People v Mc-Eathron*, 86 AD3d 915, 916 [2011], *lv denied* 19 NY3d 975 [2012]). Furthermore, "[d]efendant was not denied effective assistance of counsel based on defense counsel's failure to object to the allegedly improper comments by the prosecutor on summation inasmuch as those comments did not constitute prosecutorial misconduct" (*People v Hill*, 82 AD3d 1715, 1716 [2011], *lv denied* 17 NY3d 806 [2011]; *see People v Martin*, 114 AD3d 1154, 1155 [2014], *lv denied* 23 NY3d 964 [2014]).

Defendant also failed to preserve for our review his contention that the court (Wolfgang, J.) "deprived him of a fair trial by . . . improperly influencing the jury to rush in its deliberation" (*People v Farnham*, 136 AD3d 1215, 1217 [2016], *lv denied* 28 NY3d 929 [2016], citing *People v Charleston*, 56 NY2d 886, 888 [1982]; *see generally People v Pryor*, 48 AD3d 1217, 1218 [2008], *lv denied* 10 NY3d 868 [2008]). We reject defendant's contention that the court thereby committed a mode of proceedings error (*see generally People v Kelly*, 16 NY3d 803, 804 [2011]; *People v Autry*, 75 NY2d 836, 839 [1990]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

With respect to the final three counts of the indictment, defendant contends that his waiver of the right to appeal is invalid because the court (DiTullio, J.) failed to differentiate the terms of the plea from those involving an earlier plea that had been withdrawn upon defendant's motion. That contention is without merit. It is well settled that "a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Sanders*, 25 NY3d 337, 340 [2015]). Here, "[c]ontrary to defendant's contention, the record establishes that he knowingly, voluntarily, and intelligently waived the right to appeal" (*People v Bones*, 148 AD3d 1793, 1793 [2017]). That valid waiver is a "general unrestricted waiver" that encompasses his contention that the sentence on the final three counts of the indictment is unduly harsh and severe (*People v Hidalgo*, 91 NY2d 733, 737 [1998]; *see Lopez*, 6 NY3d at 255-256).

Finally, defendant contends that the sentence on the first two counts of the indictment is unduly harsh and severe. Contrary to defendant's contention, we perceive "nothing in the record to persuade us that [the c]ourt failed to consider the mitigating factors presented to it when imposing sentence" (*People v Ormsby*, 242 AD2d 840, 840-841 [1997], *lv denied* 91

NY2d 895 [1998], *denied upon reconsideration* 91 NY2d 975 [1998]). Furthermore, contrary to the People's contention, it is well settled that our "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783 [1992]; *see Lopez*, 6 NY3d at 260 n 5). Consequently, we may "substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (*People v Smart*, 100 AD3d 1473, 1475 [2012], *affd* 23 NY3d 213 [2014] [internal quotation marks omitted]; *see People v Johnson*, 136 AD3d 1417, 1418 [2016], *lv denied* 27 NY3d 1134 [2016]). Nevertheless, we conclude that the sentence is not unduly harsh or severe. Present—Whalen, P.J., Smith, DeJoseph, Troutman and Scudder, JJ.