People v Fuller (2018 NY Slip Op 07143)





People v Fuller


2018 NY Slip Op 07143


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2014-08593
 (Ind. No. 1784/12)

[*1]The People of the State of New York, respondent,
v
Darrell Fuller, appellant.


Alan Katz, Garden City Park, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Laurie K. Gibbons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered September 5, 2014, convicting him of murder in the first degree (two counts), murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial, consisting of, inter alia, the testimony of multiple eyewitnesses, cell phone tracking data, and extensive forensic evidence, including DNA testing results, established that on October 23, 2012, the defendant was involved in a vehicular collision and left the scene of the collision. When pursuing police officers pulled over the defendant's severely damaged vehicle, the defendant exited his vehicle and shot and killed an approaching officer. The defendant then returned to his vehicle and continued to drive until he pulled up behind a sedan stopped on the side of the road. The defendant approached the sedan, shot and killed its operator, pulled the operator's body from the vehicle, and sped away in the sedan.
On appeal, the defendant contends that the trial court erred in, sua sponte, dismissing some of the prospective jurors during a prescreening phase of jury selection without making an adequate record of the prescreening proceedings. However, the defendant neither requested that a more complete record of the prescreening proceedings be made, nor did he timely object to the manner in which the prescreening was conducted or to the dismissal of any prospective juror as a result of that process. Accordingly, his current challenges to the court's actions in this regard are unpreserved for appellate review (see CPL 270.10; People v King, 27 NY3d 147; People v Xochimitl, 147 AD3d 793, affd ____ NY3d ____, 2018 NY Slip Op 06053 [2018]; People v Umana, 76 AD3d 1111; People v Toussaint, 40 AD3d 1017). In any event, the defendant has failed to establish that the court erroneously excused any of the prospective jurors (see People v Umana, 76 AD3d at 1111; People v Toussaint, 40 AD3d at 1017), or that its actions systematically excluded any distinctive group from the venire (see People v Guzman, 60 NY2d 403; People v Branch, 244 AD2d 562).
The defendant further contends that reversal is warranted due to the allegedly late [*2]disclosure of reports of certain DNA testing results that were not generated until after jury selection had been completed. However, given the prosecution's prompt disclosure of those reports to the defense on the same date that they were generated, the similarity of those DNA results to other forensic and DNA evidence that had already been turned over, the trial court's provision of time to the defense to evaluate the new evidence, and the absence of any showing of substantial prejudice resulting from the timing of the disclosure, the court did not improvidently exercise its broad discretion in declining to reopen the voir dire or to preclude the use of the evidence at trial (see People v Thomas, 12 AD3d 383, 384; People v Scott, 294 AD2d 661, 664-665; see generally Matter of Jzamaine E.M., 150 AD3d 738, 740; People v Johnson, 139 AD3d 967, 976; People v Jingzhi Li, 104 AD3d 704, 705; People v Uka, 92 AD3d 907, 907-908).
Furthermore, the trial court providently exercised its discretion in admitting testimony that the defendant was on parole at the time the subject acts were committed in order to establish his motive for shooting and killing the victims (see People v Allweiss, 48 NY2d 40; People v Johnson, 94 AD3d 1144; People v Crichlow, 79 AD3d 1144; People v McMurray, 271 AD2d 460; People v Robinson, 200 AD2d 693). Moreover, any potential prejudice to the defendant was minimized by the trial court's limiting instructions to the jury at the time the testimony was introduced (see People v Johnson, 94 AD3d 1144; People v Crichlow, 79 AD3d at 1145; People v Jenkins, 49 AD3d 780; People v McMurry, 271 AD2d at 460; People v Robinson, 200 AD2d at 694).
Additionally, to the limited extent that it has been preserved for our review, the defendant's contention that his right to confrontation was violated by the admission into evidence of DNA results set forth in reports of nontestifying analysts is without merit. The testimony of the prosecution's forensic witnesses demonstrated that they used their "independent analysis on the raw data, as opposed to . . . functioning as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315). Accordingly, the challenged testimony did not violate the defendant's Sixth Amendment right of confrontation (see People v Henderson, 142 AD3d 1104; People v Beckham, 142 AD3d 556).
Finally, contrary to the defendant's contention, the prosecution established a sufficient chain of custody for the admission of the DNA blood evidence (see People v Julian, 41 NY2d 340; People v Gibson, 28 AD3d 576). Under the circumstances presented, any alleged deficiencies in the chain of custody went only to the weight of that evidence rather than its admissibility, and were properly for the jury's resolution (see People v Caballero, 34 AD3d 690; People v Williams, 5 AD3d 705; People v Rodriguez, 238 AD2d 447, 448).
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court