People v Hill (2021 NY Slip Op 06558)





People v Hill


2021 NY Slip Op 06558


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Ind. No. 3895/18 Appeal No. 14694 Case No. 2020-02396 

[*1]The People of the State of New York, Respondent,
v
Maleak Hill, Defendant-Appellant.


Halscott Megaro PA, Uniondale (Patrick Michael Megaro of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J), rendered March 6, 2020, convicting defendant, after a jury trial, of assault in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 14 years, unanimously affirmed.
The court providently exercised its discretion in permitting the opinion testimony of two detectives that defendant was the person depicted on surveillance video shooting the victim in a bar. The testimony "served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025 [1992]), in view of the detectives' familiarity with defendant's appearance at the time the video was taken six years before the trial, and the fact that the video was taken with a night vision feature, which rendered it more difficult to discern the physical characteristics of the bar patrons (see People v Rivera, 170 AD3d 566, 567 [1st Dept 2019], lv denied 33 NY3d 1073 [2019]; People v Pinkston, 169 AD3d 520, 521 [1st Dept 2019], lv denied 33 NY3d 1107 [2019]; People v Boyd, 151 AD3d 641, 641 [1st Dept 2017], lv denied 29 NY3d 1124 [2017]). Further, any potential prejudice was minimized by the court's limiting instructions that the detectives' testimony was merely to aid the jury in its independent assessment of whether the man in the video was defendant (see People v Sanchez, 21 NY3d 216, 225 [2013]). To the extent defendant argues that the detectives impermissibly opined that the victim was shot by defendant's firearm as opposed to a firearm possessed by another man at the scene, any error was harmless because the jury, which viewed the video footage, could have independently made that determination without such testimony.
Defendant did not preserve his challenge to testimony that he was on parole at the time of the shooting, and we decline to review it in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in receiving the testimony. Evidence that defendant absconded from parole was properly admitted to demonstrate his consciousness of guilt, and the probative value of the evidence outweighed any prejudice, which was minimized by the court's limiting instructions (see People v Jones, 276 AD2d 292, 292 [2000], lv denied 95 NY2d 965 [2000]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). Although neither the victim nor any eyewitnesses to the shooting testified, the incident was captured on surveillance video, and the jury could have reasonably concluded that defendant is the person depicted. The jury viewed the video, saw defendant in court, and heard the detectives' identification testimony, which was based on their extensive, long-term familiarity with defendant. There is no basis for disturbing the jury's credibility determinations [*2]regarding the detectives' testimony.
The jury could also have also reasonably concluded that the victim was shot by defendant and not by the other armed man who was present. The videotape shows visual evidence of defendant's weapon being fired, but no such evidence regarding the other man's weapon. Moreover, defendant's flight from parole demonstrated his consciousness of guilt and thus provided corroborating evidence.
We perceive no basis to reduce the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021