■ The People of the State of New York, Respondent, v Charles Hurd, Appellant.—Judgment, Supreme Court, New York County (Allen Murray Myers, J.), rendered October 15, 1986, which convicted defendant, after a jury trial, of one count each of robbery in the first and second degrees and grand larceny in the second degree and sentenced him to concurrent prison terms of 12½ to 25 years, 7½ to 15 years, and 3½ to 7 years, respectively, unanimously affirmed.

On October 3, 1985, at about 9:00 A.M., defendant and his brother, Joseph Hurd, stole over $200,000 worth of jewelry from a store operated by two brothers, Max and Herbert Schwartz. Defendant and Joseph Hurd posed as security inspectors in order to gain entrance to the store. Defendant produced a gun and announced a robbery while Joseph Hurd handcuffed the Schwartz brothers and loaded jewelry into valises.

Defendant was positively identified by Max and Herbert Schwartz from a photo array, at a lineup, and at trial. The Schwartz brothers also recognized defendant as someone who had worked as a replacement guard in their store on prior occasions. Defendant's arguments that he was not proven guilty beyond a reasonable doubt, or that the verdict of guilty was against the weight of the evidence, are without merit.

Joseph Hurd was arrested later on the day of the robbery. The police recovered from his apartment a security guard uniform, a pistol and a shotgun, ammunition, security guard identification badges bearing Joseph Hurd's photograph, jewelry cases, and all but $50,000 to $75,000 worth of the stolen jewelry. The pistol matched the description given of the gun wielded by the defendant during the robbery. Since defendant did not object when the uniform, the gun, and the photograph of the jewelry were introduced into evidence, defendant preserved no claim against the admission of these items (CPL 470.05 [2]). His arguments that the evidence introduced against him was unduly prejudicial because it was tangible, rather than testimonial, and that the evidence was harmful because it suggested that Joseph Hurd had used a similar mode of operation at other locations, are not preserved for appeal because not raised at trial *(People v Boyd,* 58 NY2d 1016; *People v Qualls,* 55 NY2d 733). The only claim preserved

for appeal is that admission of the identification cards was erroneous because they were not relevant to defendant's guilt and were introduced as an attempt to establish guilt by association. Neither contention has merit. Defendant was charged with second degree robbery on the theory that he had been aided by another present (Penal Law § 160.10 [1]). The fact that the accomplice was defendant's brother was relevant to prove that he and defendant had acted together because it was more likely that they acted together if they knew each other than if they did not know each other (see, People v Way, 59 NY2d 361, 367; People v Hernandez, 127 AD2d 790).

Defendant urges that the court erroneously failed to instruct the jury that the evidence against Joseph Hurd and defendant had to be considered separately. However, defendant made no special requests to charge and did not except to the charge as given. Therefore, defendant has not preserved any objection to the jury charge (People v Thomas, 50 NY2d 467, 473). We have considered defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.