■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT BRANCH, Appellant. [595 NYS2d 88] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 21, 1990, convicting him of murder in the second degree, burglary in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in allowing testimony regarding the defendant's prior drug activities. The witnesses' prior dealings with the defendant in the purchase of drugs formed the basis for their identification of the defendant at trial (see, *People v Molineux,* 168 NY 264; *People v Jamerson,* 119 AD2d 588), and proper limiting instructions were given as to the purpose of the testimony (cf., *People v Guzman,* 146 AD2d 799, 800).

In addition, the trial court did not improvidently exercise its discretion in allowing the prosecution to confer with a witness during the course of the witness's direct testimony (see, *Perry v Leeke,* 488 US 272, 281-285; *People v Narayan,* 58 NY2d 904, 906). The conference did not constitute an improper impeachment of the witness (CPL 60.35), and by allowing the defendant to cross-examine the witness regarding the substance of the conference, the trial court preserved the defendant's right to confrontation (see, *United States v Bazzano,* 570 F2d 1120, 1127, *cert denied* 436 US 917).

The sentence imposed was neither harsh nor excessive (see, *People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.