■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE JOHNSON, Appellant. [629 NYS2d 55] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered October 29, 1992, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and

sentencing him to concurrent terms of 25 years to life imprisonment for each count of murder in the second degree and 5 to 15 years imprisonment for criminal possession of a weapon in the second degree, to run consecutive to the terms of imprisonment imposed on the murder convictions, with the sentences to be served "at hard labor".

Ordered that the judgment is modified, on the law, by deleting the provision directing that the sentences be served "at hard labor"; as so modified, the judgment is affirmed.

The trial court did not err in allowing a witness to testify that she recognized the defendant from a prior robbery of the store in which the witness worked. The witness's testimony established her ability to identify the defendant when she observed him in the area moments before the instant crimes were committed. Under *People v Molineux* (168 NY 264), evidence of prior crimes may be used to prove identity *(see also, People v Branch,* 191 AD2d 576, *affd* 83 NY2d 663; *People v Jamerson,* 119 AD2d 588). Furthermore, any prejudice to the defendant was diminished by the court's limiting instructions directly after the witness's testimony regarding the uncharged crime, and again during the final charge to the jury.

As conceded by the People, that portion of the sentence which directs that it be served at hard labor is illegal *(see,* Penal Law § 70.20 [1]; Correction Law § 171 [1]; *cf.,* Correction Law § 500-d), and the judgment is modified to correct the error. Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.