■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID WILSON, Appellant. [639 NYS2d 131]

The defendant has not preserved for appellate review his
contention that the trial court committed reversible error by
admitting evidence of an uncharged crime (see, CPL 470.05 [2];
People v Gomez, 67 NY2d 843; People v Williams, 187 AD2d
547; People v Brito, 179 AD2d 666). In any event, the trial
court did not err in allowing the victim to testify that he
observed the defendant beating another man across the street
immediately prior to the instant offense. The victim's testimony
established his ability to identify the defendant when he was
subsequently approached by the defendant and attacked.
Under People v Molineux (168 NY 264), evidence of prior crimes
may be used to prove identity (see also, People v Johnson, 216
AD2d 583; People v Branch, 191 AD2d 576, affd 83 NY2d 663).
Moreover, any prejudice to the defendant was obviated by the
court's limiting instruction immediately prior to the victim's
testimony regarding the uncharged crime (see, People v All-
weiss, 48 NY2d 40, 49).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 83).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Joy, Hart and Florio, JJ., concur.