■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD AGOSTINI, Appellant. [657 NYS2d 749] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered November 15, 1993, convicting him of robbery in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly allowed an eyewitness to testify that he had recognized the defendant from a previous incident wherein the defendant had robbed him. The witness's testimony established his ability to identify the defendant when he observed him in the course of committing the present robbery. Therefore, the prior uncharged crime was admissible to prove the identity of the defendant (see, People v Wilson, 225 AD2d 642; People v Johnson, 216 AD2d 583; People v Jamerson, 119 AD2d 588). Moreover, any prejudice to the defendant was obviated by the court's limiting instruction during and after the witness's testimony, in addition to the court's instructions in the jury charge (see, People v Allweiss, 48 NY2d 40, 49). Miller, J. P., Altman, Friedmann and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO L. ALLEN, Appellant. [658 NYS2d 896] —Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Cotter, J.), imposed August 9, 1995, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Mangano, P. J., Bracken, Copertino, Sullivan and McGinity, JJ., concur.