■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HINTON, Appellant. [676 NYS2d 96] —Judgment, Supreme Court, Bronx County (Steven Barrett, J.), rendered February 21, 1996, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 5 to 15 years, unanimously affirmed.

The trial court properly allowed the prosecutor to establish

the fact that the accomplice in the robbery was defendant's brother, and to comment on this fact during summation. The familial relationship "was relevant to prove that [the accomplice] and defendant had acted together because it was more likely that they acted together if they knew each other than if they did not know each other" (*People v Hurd*, 160 AD2d 199, 200, *lv denied* 76 NY2d 789). The probative value of this evidence outweighed any prejudicial effect. Moreover, the court's appropriate limiting instructions discouraged the jury from inferring "guilt by association".

The challenged rulings by the court during the defense summation caused no prejudice to defendant because counsel adequately covered the points in question notwithstanding the court's rulings. The court's negative responses to defense counsel's objections also caused no prejudice, because in its jury charge the court emphasized that any admonition it had directed at any attorney should not be considered evidence in the case (*People v Yanowitch*, 227 AD2d 225, *lv denied* 88 NY2d 997).

We have considered defendant's remaining contentions and find them to be unpreserved and without merit. Concur— Rosenberger, J. P., Wallach, Williams and Tom, JJ.