■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK BERRY, Appellant. [700 NYS2d 131] —Judgment, Supreme Court, New York County (Micki Scherer, J.) rendered September 22, 1997, convicting defendant, after a jury trial, of two counts of robbery in the first degree, six counts of robbery in the second degree and one count of petit larceny, and sentencing him to an aggregate term of 15 to 30 years, unanimously affirmed.

The court properly exercised its discretion in admitting uncharged crimes evidence. The three consolidated indictments emanate from a crime spree in which defendant and a codefendant robbed numerous newsstands. The challenged testimony of the victims as to their previous contact with defendant and the codefendant, including the commission of uncharged petty crimes, was highly probative of defendant's identity by setting a context from which it could be determined that the victims had ample opportunity to focus their attention on defendant, familiarize themselves with his appearance, and correctly identify him (*see, People v Agostini*, 239 AD2d 426, *lv denied* 91 NY2d 939). The evidence was also relevant because it tended to establish that defendant and the codefendant were acquaintances, since persons are more likely to commit crimes with acquaintances than strangers (*see, People v Hurd*, 160 AD2d 199, *lv denied* 76 NY2d 789). Finally, the fact that the codefendant had been defendant's prior partner in crime was relevant to refute one of the defenses defendant raised at trial (*see, People v Torres*, 249 AD2d 19, *lv denied* 92 NY2d 907). The court's limiting instructions prevented any undue prejudice to defendant.

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.