■ The People of the State of New York, Respondent, v Christopher Martinez, Appellant. [945 NYS2d 239]—

Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), rendered March 10, 2011, as amended March 31, 2011, convicting defendant, after a jury trial, of attempted robbery in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's assessment of the matters cited by defendant that allegedly affected the victim's credibility. We also note that the fact that the jury convicted defendant and the codefendant of different degrees of attempted robbery does not warrant a different conclusion regarding the weight of the evidence (*see People v Rayam*, 94 NY2d 557 [2000]).

The victim identified defendant as one of the two men who robbed him, even though defendant wore a mask and did not speak during the robbery. Defendant and the victim lived in the same building and the victim saw defendant almost daily. The victim was able to identify defendant by a distinctive body movement, which the victim had seen defendant make many times. A distinctive gait or body movement may be a valid means of identification (*see People v Bale*, 10 NY2d 895 [1961]). Furthermore, the trial court granted defendant permission to demonstrate his gait or body movements, and the jury had an opportunity to make its own judgment regarding their distinctiveness.

In addition, there was ample evidence that the other robber was the jointly tried codefendant. The codefendant is defendant's brother, who also lived in the building. This evidence tended to connect defendant with the crime circumstantially and thus corroborate the victim's identification (*see e.g. People v Hinton*, 252 AD2d 428 [1998], *lv denied* 92 NY2d 1033 [1998]; *People v Hurd*, 160 AD2d 199, 200 [1990], *lv denied* 76 NY2d 789 [1990]). Furthermore, the victim testified that in the course of defending himself, he struck the codefendant in the head. When the codefendant was arrested later that day, he had a "fresh cut" on his head.

The court properly exercised its discretion in declining to deliver an adverse inference charge relating to the loss of the original handwritten version of a police report. There was no evidence of bad faith on the part of the People or prejudice to defendant (*see People v Martinez*, 71 NY2d 937, 940 [1988]; *see also* CPL 240.75).

Defendant's remaining claim is unpreserved (*see People v Buckley*, 75 NY2d 843 [1990]), and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.