Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered March 10, 2011, as amended March 25, 2011, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of 4x/2 years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Moreover, we find that the evidence of defendant’s guilt was overwhelming. There is no basis for disturbing the jury’s credibility determinations.
The victim testified that he recognized defendant, who was wearing a mask, based on his body type and his manner of walking, since he had seen defendant in his apartment building on a regular basis for years. In addition, the victim saw a portion of defendant’s face that was left exposed, and heard him speak during the incident. The jury could have reasonably inferred that these factors facilitated the victim’s ability to recognize defendant as one of his neighbors. The victim also recognized the other masked assailant as defendant’s brother (see People v Martinez, 95 AD3d 677 [1st Dept 2012] [codefendant’s appeal]).
Furthermore, shortly after the crime, the police went to defendant’s apartment and were admitted by his mother. The *538 officers found defendant hiding in a closet underneath a pile of clothing. Defendant had a bump and a fresh cut on his head. During the incident, the victim had hit the assailant he recognized as defendant in the head with a cue ball. There was no possible innocent explanation of these circumstances, which rendered the evidence overwhelming.
The court delivered an identification charge in which it marshaled some of the evidence relating to the victim’s recognition of defendant. When viewed as a whole, the marshaling tended to favor defendant, and it did not deprive him of a fair trial (see People v Culhane, 45 NY2d 757, 758 [1978], cert denied 439 US 1047 [1978]).
An officer’s testimony about his communications with officers who were monitoring surveillance cameras in the apartment building where the incident occurred did not constitute inadmissible hearsay warranting reversal. Even if the officer’s testimony that he did not learn of anyone who matched the assailants’ description leaving the building could be viewed as implied hearsay, it was admissible to complete the officer’s narrative by explaining why he then canvassed the building (see People v Tosca, 98 NY2d 660 [2002]). In any event, in light of the overwhelming evidence of guilt, there is no significant probability that this vague testimony affected the verdict (see People v Kello, 96 NY2d 740, 744 [2001]). Defendant’s contention that the court erred by failing to give a limiting instruction is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we likewise find that any error in this regard was harmless.
The court properly exercised its discretion in declining to deliver an adverse inference charge pertaining to the loss of an officer’s handwritten notes (see Martinez, 95 AD3d at 678). Concur — Mazzarelli, J.E, Sweeny, Moskowitz and Freedman, JJ.