■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SUKHDEO, Appellant. [959 NYS2d 263]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered March 3, 2010, convicting him of grand larceny in the second degree and criminal possession of a forged instrument in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of grand larceny in the second degree is only partially preserved for appellate review (*see* CPL 470.05 [2]; *People v Persaud*, 98 AD3d 527, 528 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of grand larceny in the second degree beyond a reasonable doubt (*see People v Mishkin*, 134 AD2d 529 [1987]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record herein, we are satisfied that the verdict of guilt with respect to grand larceny in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to a portion of the testimony of the victim's sister on hearsay grounds is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Borrero*, 79 AD3d 767, 768 [2010]). In any event, the contested testimony was not hearsay, since it was not offered for its truth, but rather " 'to provide necessary background information to the jury' " (*People v Bilal*, 79 AD3d 900, 901 [2010], quoting *People v Johnson*, 40 AD3d 1011, 1012 [2007]; *see People v Walker*, 70 AD3d 870, 871 [2010]).

In light of our determination, we need not reach the defendant's remaining contention. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.