# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

933

KA 12-01069

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

CLARENCE E. SCARVER, ALSO KNOWN AS "C,"
DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

CLARENCE E. SCARVER, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 16, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts) and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentence imposed on count three shall run concurrently with the sentences imposed on counts one and two and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) and two counts of burglary in the first degree (§ 140.30 [2], [4]). The most incriminating evidence at trial was defendant's parole identification card, bearing his name and image, which had fallen out of the pocket of a sweatshirt worn by one of the two perpetrators and was recovered by the victim of the robbery. We reject defendant's contention, advanced in his main and pro se supplemental briefs, that Supreme Court erred in admitting the parole identification card in evidence, inasmuch as the card was highly relevant to the issue of identity and its probative value exceeded its prejudicial effect (*see generally People v Clemmons*, 83 AD3d 859, 860, *lv denied* 19 NY3d 971; *People v Moore* [appeal No. 2], 78 AD3d 1658, 1659). We note that the court minimized the prejudicial effect of the evidence by redacting information on the card to make it less clear that defendant was a parolee; in fact, as the court observed, one could look at the redacted card and reasonably believe that it was an employee identification card showing that defendant worked for the New York State Department of Correctional Services.

Defendant further contends that the court erred in admitting in evidence the recordings of two telephone calls he made from jail following his arrest.  During the first call, defendant said to an unknown female, "Tell him [defendant's father] what happened to my ID."  Defendant was referring to his claim that his jacket, containing his parole identification card, had been stolen from his father's car.  During the second call, an unknown female informed defendant that his father told the police that his car had not been running for "a long-ass time," and in response defendant instructed the female to tell his father "not to mention" that the car was not running.  We reject defendant's contention that his own above-referenced statements constitute inadmissible hearsay.  The statements in question were not offered for the truth of the matters asserted (*see generally People v Tosca*, 98 NY2d 660, 661; *People v Jones*, 92 AD3d 1218, 1218-1219, *lv denied* 19 NY3d 962); instead, they were offered to show that defendant appeared to be fashioning an innocent explanation for the fact that his parole identification card was found at the crime scene.  Defendant failed to preserve for our review his contention that the statement made by the unknown female during the second call constituted inadmissible hearsay.  In any event, that statement was admissible to put defendant's responding statement into context by providing "necessary background information to the jury" (*People v Johnson*, 40 AD3d 1011, 1012, *lv denied* 9 NY3d 923; *see People v Sukhdeo*, 103 AD3d 673, 674, *lv denied* 21 NY3d 914).

Defendant contends that the court abused its discretion in allowing the People to introduce evidence showing that the codefendant, while in jail with defendant awaiting trial, used defendant's six-digit inmate control number and confidential four-digit personal identification number to place multiple telephone calls from jail.  According to defendant, that evidence was inadmissible on relevancy grounds.  We reject that contention.  The evidence that the codefendant used defendant's confidential identification numbers to make telephone calls from jail was relevant because it "tended to establish that defendant and the codefendant were acquaintances, since persons are more likely to commit crimes with acquaintances than strangers" (*People v Berry*, 267 AD2d 102, 102, *lv denied* 95 NY2d 793; *see People v Martinez*, 95 AD3d 677, 678, *affd* 22 NY3d 551).  Although it is possible that defendant may have become acquainted with the codefendant after the crimes were committed as a result of being charged jointly and being incarcerated together pending trial, that possibility "merely goes to the weight to be accorded such evidence, not its admissibility" (*People v Cohens*, 81 AD3d 1442, 1444, *lv denied* 16 NY3d 894; *see People v Brown*, 2 AD3d 1423, 1424, *lv denied* 1 NY3d 625).

We agree with defendant, however, that his sentence is unduly harsh and severe.  The court sentenced defendant to determinate terms of imprisonment of 25 years plus five years of postrelease supervision (PRS) on each of the three counts of the indictment.  The sentences for the two counts of burglary in the first degree are directed to run concurrently with each other but consecutively to the sentence imposed for robbery in the first degree, resulting in an aggregate sentence of 50 years.  We note that the codefendant, who has a more extensive

criminal history than defendant, was convicted following a separate trial before a different judge and was sentenced to an aggregate prison term of 25 years plus a period of PRS. Although we agree with the People that defendant committed separate crimes and could therefore lawfully be sentenced consecutively, we conclude as a matter of discretion in the interest of justice that concurrent sentences are more appropriate (*see generally* CPL 470.15 [6] [b]). We therefore modify the judgment accordingly.

We have reviewed defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none warrants reversal or modification of the judgment of conviction.

Entered: October 3, 2014                          Frances E. Cafarell
                                                  Clerk of the Court