SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

1407
KA 09-01858
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMISON ADSIT, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 14, 2009. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal sexual act in the second degree (Penal Law § 130.45 [2]), defendant contends that the evidence is legally insufficient to support the conviction. We reject that contention. Specifically, defendant contends that the evidence is legally insufficient with respect to the issue whether the victim "is incapable of consent by reason of being mentally disabled" (*id.*), which "means that [she] suffers from a mental disease or defect which renders . . . her incapable of appraising the nature of . . . her conduct" (§ 130.00 [5]). "An ability to 'appraise' is, of course, a qualitative matter, all the more so when the appraisal is one to be made of the 'nature' of 'conduct[,'] with the variety of factors that the one 'appraising' may have to take into account for such purposes. Cognitive understanding is involved. In a case such as the one before us, it includes [the victim] being substantially able to understand what she was doing" (*People v Easley*, 42 NY2d 50, 56).

Here, the People presented the testimony of a paramedic, physician's assistant, nurse, nursing assistant, and psychiatrist establishing that the victim had suffered a seizure and was incoherent both upon her admission to the hospital and the next day, when the incident giving rise to the charge occurred. The psychiatrist, who reviewed the victim's medical records and examined her, opined that she was suffering from a mental defect that rendered her incapable of

appraising the nature of sexual activity.  The defense presented the testimony of an expert witness who conducted a forensic evaluation of the medical, police and ambulance records and opined that the records were inconclusive with respect to the victim's ability to appraise the nature of her sexual conduct.  Viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that the victim lacked the mental capacity to appraise the nature of her sexual conduct and thus was unable to consent to defendant's actions (*see People v Dixon*, 66 AD2d 971, 972; *see generally People v Cratsley*, 86 NY2d 81, 86-88; *Easley*, 42 NY2d at 55-57).  Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Finally, we reject defendant's contention that he was denied the right to effective assistance of counsel.  The record establishes that defense counsel made a clear and cogent opening statement directed at the People's inability to prove that the victim was incapable of appraising the nature of her conduct, conducted meaningful cross-examination, lodged objections consistent with the defense theory, presented the testimony of an expert who highlighted inconsistencies in the victim's medical records with respect to her coherency and awareness, and obtained an acquittal on the top count of the indictment.  Defense counsel's isolated comments on the paucity of DNA evidence were not tantamount to the assertion of an inconsistent defense that no oral sexual conduct occurred.  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  February 6, 2015                      Frances E. Cafarell
                                                Clerk of the Court