================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 81
In the Matter of Delroy S.,
a Person Alleged to be a Juvenile
Delinquent,
                    Appellant.


            Raymond E. Rogers, for appellant.
            Michael J. Pastor, for respondent presentment agency.


MEMORANDUM:

        The order of the Appellate Division, insofar as appealed

from, should be reversed, without costs, and the matter remitted

to Family Court for further proceedings in accordance with this

memorandum.

        In this juvenile delinquency proceeding, 11 year-old Delroy

was charged in Family Court with the commission of acts that, if

- 1 -

done by an adult, would constitute, among other things, assault in the first degree and third degree, and attempted assault in the first, second and third degrees. The charges arose out of an altercation that Delroy had with the 12 year-old complainant, during which the complainant was stabbed. Delroy moved to suppress a statement that he had made to the police officers who responded to the scene, as well as a knife recovered from Delroy's apartment. According to the testimony at the suppression hearing, when the officers responded to the location of the incident, they saw the complainant and a crowd of people, including Delroy's adult sister. Delroy's sister stated that her brother had been bullied by the complainant, that the two boys had fought and that Delroy had stabbed the complainant.

Delroy's sister took the officers to Delroy's apartment. Once inside, the officers saw Delroy. Without administering Miranda warnings, one of the officers asked Delroy "what happened?" and Delroy responded, in sum and substance, that he got into a fight with the complainant, who was bothering him, that he went to go find his brother, that he could not find his brother, and that he came back with a knife and stabbed the complainant.

Family Court denied the suppression motion, noting that Delroy's adult sister invited the police into the home, and took the lead with respect to recovery of the knife. After the fact-finding hearing, at which Delroy interposed a justification

defense, Family Court concluded that Delroy had committed the delinquent acts of second-degree assault, fourth-degree criminal possession of a weapon, petit larceny and fifth-degree criminal possession of stolen property.  The court adjudicated him a juvenile delinquent and placed him on probation for a period of eighteen months.

The Appellate Division held that Delroy's statement should have been suppressed on the ground that it was the product of a custodial interrogation without Miranda warnings because, under the circumstances, "a reasonable 11 year old would not have felt free to leave" (113 AD3d 448 [2014]).  However, it concluded that admission of the statement was "harmless beyond a reasonable doubt" in that "there was overwhelming evidence that both established [Delroy's] guilt of the assault and weapon charges and disproved his justification defense"(id.).  The Appellate Division modified the order of disposition only to the extent of vacating the findings as to petit larceny and criminal possession of stolen property as unsupported by the evidence and dismissing those counts.

There is no basis to disturb the Appellate Division's holding that this was a custodial interrogation, and that the statement should have been suppressed.

We disagree with the Appellate Division's conclusion that the error was harmless.  A trial court's error involving a constitutionally protected right is harmless beyond a reasonable

doubt only if "there is no reasonable possibility that the error might have contributed to defendant's conviction" (People v Crimmins, 36 NY2d 230, 237 [1975]).  "The People must show that any error was harmless beyond a reasonable doubt [and] [i]n deciding whether the People have met this burden, we consider both the overall strength of the case against defendant and the importance to that case of the improperly admitted evidence" (People v Goldstein, 6 NY3d 119, 129 [2005], cert. denied 547 US 1159 [2006][internal citations omitted]).

The record shows that while there was no doubt that Delroy had stabbed the complainant, there was evidence supporting Delroy's justification defense.  "The defense of justification . . . permits one to use deadly physical force on another when one reasonably believes that deadly physical force is being used or imminently will be used by such other person" (People v Watts, 57 NY2d 299, 301 [1982], citing Penal Law 35.15[2][a]), and that "defense is qualified by a duty to retreat" (id.).  The People bear the burden of disproving the defense of justification beyond a reasonable doubt (see Matter of Y.K., 87 NY2d 430, 433 [1996]).

The complainant testified that on the day of the incident, he entered Delroy's building and seized a scooter from Delroy that he thought was his.  The two boys engaged in a "tug-of-war fight" over the scooter.  The complainant was older, taller, heavier and stronger than Delroy.  The complainant left Delroy's building, but then returned to Delroy's home with his twin

brother and nine or ten friends and engaged in a fight with
Delroy.  The complainant admitted that he started the second
fight by yelling at Delroy, and that his friends were cheering
him on.  The complainant's brother testified that while the
complainant had his hands above Delroy's chest on his neck, the
group was yelling "get him."  Delroy did not use the knife until
after this potentially deadly force was used on him.  While the
People argue that the complainant's brother testified that Delroy
was able to get out of the choke hold and step back five or six
feet before pulling out the knife, and the complainant testified
that Delroy might have been twelve feet away when he took out the
knife, we note that the complainant also testified that he didn't
know if Delroy was underneath him when he felt the knife stabbing
him.  Moreover, even if Delroy had in fact stepped some feet away
from the complainant, that would not prove that the complainant
was done with beating on the much smaller Delroy, especially
given the crowd that had gathered around to cheer on the
combating boys.  Contrary to the Appellate Division's conclusion,
there was not overwhelming evidence that Delroy knew that, with
complete personal safety, he could have retreated (see Penal Law
§ 35.15 [2] [a]).

Furthermore, the People have not demonstrated that
there is no reasonable possibility that the wrongly admitted
evidence might have contributed to the guilty finding.  Given the
uncontroverted testimony that there were two fights (the first

when the complainant took the scooter from Delroy, and the second when the complainant was stabbed), the police officer's summary of Delroy's statement appears to conflate the two separate fights, and creates the impression that Delroy paused in the course of one fight to secure a knife with which to stab the complainant. Regardless of whether the police officer accurately recounted the statement, or did indeed conflate the two fights, the improper admission of Delroy's statement undermined, if not eviscerated, Delroy's justification defense.

Accordingly, the failure to suppress the statement was not harmless.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order, insofar as appealed from, reversed, without costs, and matter remitted to Family Court, Bronx County, for further proceedings in accordance with the memorandum herein. Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 4, 2015