# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**53**

**KA 13-01197**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAYMOND HARRIS, DEFENDANT-APPELLANT.

---

WILLIAM M. ROTH, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 20, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a controlled substance in the seventh degree and dismissing count three of the indictment with respect to defendant, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), and criminal possession of a controlled substance in the seventh degree (§ 220.03). To the extent that defendant may be deemed to challenge the legal sufficiency of the evidence, we conclude that his challenge lacks merit (*see People v Torres*, 68 NY2d 677, 678-679; *see generally People v Bleakley*, 69 NY2d 490, 495). Additionally, contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant did not object to the introduction of evidence that he was on parole at the time of the incident and thus failed to preserve for our review his contention that County Court erred in permitting the prosecutor to present that evidence (*see People v Johnson*, 45 AD3d 606, 606, *lv denied* 9 NY3d 1035; *see also People v Ricks*, 49 AD3d 1265, 1266, *lv denied* 10 NY3d 869, *reconsideration denied* 11 NY3d 740). In any event, we reject defendant's contention. Defendant's parole officer testified that defendant resided at the residence in

which the cocaine was found, and that he had previously observed defendant sleeping in the bedroom in which the drugs were discovered by the police. That evidence was highly relevant to the issues at trial, including, in this constructive possession case, whether defendant exercised dominion and control over the bedroom in which the drugs were found. Evidence that a defendant is on parole is admissible where, as here, it is relevant to the issues at trial and its probative value exceeds its prejudicial effect (*see generally People v Scarver*, 121 AD3d 1539, 1540, *lv denied* 24 NY3d 1123; *People v Johnson*, 94 AD3d 1144, 1145, *lv denied* 19 NY3d 997; *People v Pryor*, 48 AD3d 1217, 1217-1218, *lv denied* 10 NY3d 868). In addition, the court minimized any prejudice to defendant by refusing to admit any evidence detailing the specific crime of which defendant was convicted (*cf. People v Dowdell*, 133 AD3d 1345, 1345-1346), and by giving prompt cautionary instructions to the jury (*see Johnson*, 45 AD3d at 606; *People v Jones*, 276 AD2d 292, 292, *lv denied* 95 NY2d 965; *see generally People v Kims*, 24 NY3d 422, 439).

Defendant further contends that he was denied effective assistance of counsel by a series of purported errors by his trial attorney. We reject that contention. With respect to defendant's contention that trial counsel was ineffective in failing to object to the testimony of defendant's parole officer, it is well settled that "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Gray*, 27 NY3d 78, 88; *People v Caban*, 5 NY3d 143, 152). For the reasons discussed above, the court properly admitted the parole officer's testimony, and defense counsel therefore was not ineffective in failing to object to its introduction. Similarly without merit is defendant's contention that counsel was ineffective in failing to request a circumstantial evidence charge. "Defendant's proximity to the cocaine, which was in plain view, constitutes direct evidence of defendant's possession of the cocaine found in the apartment" (*People v Wilson*, 284 AD2d 958, 958, *lv denied* 96 NY2d 943; *see People v Goodrum*, 72 AD3d 1639, 1639, *lv denied* 15 NY3d 773). Because this case involved both direct and circumstantial evidence of guilt, a circumstantial evidence charge was not warranted, and the failure to request such a charge "cannot be said to have constituted ineffective assistance of counsel" (*People v Jones*, 138 AD3d 1144, 1145, *lv denied* 28 NY3d 932; *see People v Way*, 115 AD3d 558, 558-559, *lv denied* 24 NY3d 1048; *see also People v Johnson*, 303 AD2d 830, 836-837, *lv denied* 99 NY2d 655, *reconsideration denied* 100 NY2d 583).

Furthermore, " 'it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (*People v Atkins*, 107 AD3d 1465, 1465, *lv denied* 21 NY3d 1040, quoting *People v Rivera*, 71 NY2d 705, 709; *see People v Benevento*, 91 NY2d 708, 712; *People v Hutchings*, 142 AD3d 1292, 1295), and defendant failed to meet that burden with respect to the remainder of the purported failures of counsel raised on appeal. Viewing the evidence, the law and the

circumstances of this case, in totality and as of the time of the representation, and noting in particular that defendant was acquitted of the most serious charge in the indictment (*see People v Adsit*, 125 AD3d 1430, 1431-1432, *lv denied* 25 NY3d 1068), we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, we agree with defendant that the third count of the indictment, charging him with criminal possession of a controlled substance in the seventh degree, must be dismissed as an inclusory concurrent count of the remaining charge of which defendant was convicted (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390; *People v Smith*, 134 AD3d 1568, 1569).  We therefore modify the judgment accordingly.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court